IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Dolores Y Anzaldua ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. H-04-2861 |
| ) | |
| United Electrical & Instrumentation ) | |
| Management, ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM AND ORDER**

Before the Court is a motion by the Plaintiff, Delores Y Anzaldua (Anzaldua) for a new trial. Doc. 46. The Defendant, United Electrical Instrumentation Management (UEI), has filed a response. Doc. 47. The Plaintiff's motion is DENIED.

Anzaldua's motion raises two main issues. First, what is the relevant sample of employees to which the court must compare Anzaldua? Second, what is the legal effect of disbelieving an employer's reasons for terminating an employee?

First, Anzaldua argues that this court should have compared her qualifications to the qualifications of those UEI employees that UEI chose to retain. However, the sample of UEI employees that is relevant to this court's analysis includes not only those employees whom UEI chose to retain in August 2003, but also those employees whom UEI chose to discharge during the time that Willey supervised Anzaldua. This larger sample of employees shows a significant amount of turnover within UEI's operations and repeated decisions to retain Anzaldua at the expense of

1

employees who were not members of the same protected classes.  That is, if Willey held any discriminatory animus against Anzaldua, it should have appeared in early 2003 when UEI discharged the first few employees, rather than in August 2003.

For similar reasons, this court does not believe that UEI's failure to terminate employees with formal disciplinary records constitutes evidence of discrimination.  The workers laid-off in early 2003 shared Anzaldua's clean disciplinary record but were terminated.  Thus, no evidence suggests that UEI manipulated its termination criteria to justify laying-off Anzaldua while retaining Willey's "little buddies."  Instead, the evidence suggests only that formal disciplinary records were not relevant to UEI's decision regarding reductions in force

Whether formal disciplinary records *should* have influenced UEI's decision is a question that a jury is not entitled to answer.  The law does not require employers to apply any particular criteria to their hiring and firing decision although it does require them to apply whatever criteria they choose to employees without regard to an employee's membership in any protected class.  Thus, UEI's decision to disregard disciplinary records cannot constitute evidence of discrimination because the evidence shows that UEI disregarded the disciplinary records of all employees.

Second, the mere fact that a jury might disbelieve an employer's stated reasons for terminating an employee does not raise an inference of discrimination.  In 2000, the Supreme Court upheld a jury verdict in favor of plaintiff who had been accused of falsifying time records.  *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133 (2000).  During a trial the plaintiff convinced a jury that (1) he had not falsified time-keeping records, the reason offered for his termination and (2) younger workers accused of the same wrong-doing were treated more favorably.  In these respects, Anzaldua's

case may resemble the facts of *Reeves*. Anzaldua might be able to prove that she worked just as hard as the employees that UEI retained and she might be able to prove that those employees that UEI retained had been accused of the same sorts of failings that she displayed, at least in a very general sense.

However, the *Reeves* decision explained that showing that challenging an employer's reasons for terminating an employee would not, "*always* be adequate to sustain a jury's finding of liability" because "there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." *Reeves,* 530 U.S. at 148 (emphasis in original). Consequently, "an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Id.* Likewise, "if the circumstances show that the defendant gave the false explanation to conceal something other than discrimination, the inference of discrimination will be weak or nonexistent." *Id.* (quoting *Fisher v. Vassar College,* 114 F.3d 1332, 1338 (2nd Cir. 1997)). Ultimately, the *Reeves* Court held, "the Court of Appeals erred in proceeding from the premise that a plaintiff must always introduce additional, independent evidence of discrimination." *Id.* at 149. In this case, the court has not required Anzaldua to produce additional evidence of discrimination. Rather, UEI's *repeated* refusals to discriminate against Anzaldua when terminating other employees that shared her qualifications constitutes "additional, independent evidence" that UEI's arguably pretextual reasons concealed – at worst – "something other than

discrimination." In other words, no fact finder could infer that UEI displayed any discriminatory animus against Anzaldua when it terminated her only after it terminated a large percentage of its workforce.

Accordingly, the Plaintiff's motion is DENIED. Doc. 46.

SIGNED at Houston, Texas, this 20th day April, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE